

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-91,806-01; WR-91,806-02

### EX PARTE JAMES ALLEN JACKSON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. CR1607300 & CR1607301 IN THE 273RD DISTRICT COURT FROM SABINE COUNTY

*Per curiam.*

# O R D E R

Applicant was convicted of two counts of continuous sexual abuse of a child and sentenced to life imprisonment for both cause numbers . The Sixth Court of Appeals affirmed his convictions. *Jackson v. State*, 06-18-00054-CR & 06-18-00055-CR)(Tex. App.—Texarkana Dec. 27, 2018)(not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective by failing to raise insufficient evidence, failing to object to evidence and prosecutor's comments, failing to request extra

peremptory challenges, making an objectionable comment, and opening the door to inadmissible evidence. Applicant also alleges that appellate counsel was ineffective for failing to raise a claim of insufficient evidence on appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both trial and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's or appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:            October 21, 2020
Do not publish